**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JASON BRUCE BRADLEY**                                                              **PLAINTIFF**

**v.**                                                              **CIVIL NO. 1:24-cv-00089-HSO-BWR**

**JIM CAZZELL, et al.**                                                              **DEFENDANTS**

<u>**ORDER OF DISMISSAL**</u>

This matter is before the Court sua sponte for consideration of dismissal.  Pro se Plaintiff Jason Bruce Bradley is an inmate presently housed in the custody of the Mississippi Department of Corrections ("MDOC") at the Leake County Correctional Facility in Carthage, Mississippi.  Notice [17] at 1.  His claims arise under 42 U.S.C. § 1983, and he names seven Defendants: (1) Jim Cazzell; (2) the City of Ocean Springs, Mississippi; (3) Officer Daniel Juan Halo; (4) Unknown S.M.E.T. Team Officer; (5) Unknown Officer; (6) Unknown Officer; and (7) Prosecuting Attorney Lee Farrigut.  Compl. [1] at 2-3; Order [13] at 1; Order [19] at 1.  Bradley is proceeding *in forma pauperis* ("IFP").  Order [7].  The Court finds that Bradley's claims against each Defendant should be dismissed with prejudice.

## I. <u>BACKGROUND</u>

Bradley claims that Officer Cazzell, who is employed by the Ocean Springs Police Department, arrested him on or about March 6, 2024, Compl. [1] at 2-4, for "possession of [a] controled [*sic*] substance and public drunk," Resp. [9] at 1. Bradley alleges that he "was walking down [Highway] 90 minding his business,"

when Officer Cazzell, "with about 5 other officers," "swoop[ed] in and searche[d] him for no reason." Compl.[1] at 5.

Because of this arrest, Bradley "got sent to MDOC custody for a violation of probation" and was ordered to serve "the remainder of [his] probation sentence" of three years. Resp. [9] at 1. Bradley "never went to court" on the public-drunkenness charge, and the possession charge was "dropped to a misdemeanor." *Id*. For that offense, Bradley pled guilty and was given a suspended sentence of six months in the Jackson County Adult Detention Center, plus six months of non-reporting probation. Mot. [18-1] at 1. The revocation of Bradley's probation has not been reversed, invalidated, or otherwise set aside. Resp. [9] at 1.

Bradley insists that Officer Cazzell has a "conflict of interest." Compl. [1] at 3. After Officer Cazzell previously arrested Bradley on December 30, 2014, Bradley sued him in this Court under § 1983 for illegal arrest and seizure and the excessive use of force. Compl. [1-1] at 1-5; *see also Bradley v. Richardson*, No. 1:17-cv-00279-RHW (S.D. Miss. Nov. 14, 2019) (Docs. 45-46). His prior claims against Officer Cazzell were dismissed with prejudice, Compl. [1-1] at 5, but Bradley believes that he was arrested earlier this year in retaliation for filing that lawsuit, Compl. [1] at 4. That is, Bradley believes that Officer Cazzell "orchestrat[ed] the whole arrest in retaliation" for the prior lawsuit that "was filed and persued [*sic*]" in 2014. Resp. [12] at 1-2.

Bradley claims that Defendants violated his Fourth and Sixth Amendment rights by conducting an illegal search and seizure and affecting an illegal arrest.

Compl. [1] at 3. He insists that Officer Cazzell, Officer Halo, and the unnamed Defendant officers had no "right to illegally search and illegally arrest" him simply because he was "walking down the street" and has "a past." Resp. [12] at 2. For the events described here, Bradley also blames the City of Ocean Springs for due-process and equal-protection violations under the Fourteenth Amendment and for "cruel and unusual punishment" under the Eighth Amendment. *Id*. at 1-2. And he blames Farrigut for the same things, and for "not signing [his sentencing] paperwork and also for not having [him] in the courtroom" for sentencing on the misdemeanor possession charge. Mot. [18] at 1.

## II. DISCUSSION

### A. The Prison Litigation Reform Act

Because Bradley is proceeding *in forma pauperis*, Order [7], his Complaint is subject to the case-screening procedures outlined in the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, *et seq*. The PLRA mandates dismissal if at any time the Court determines the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "A complaint is frivolous if it lacks an arguable basis in either law or fact." *Fountain v. Rupert*, 819 F. App'x 215, 218 (5th Cir. 2020). "A complaint fails to state a claim upon which relief may be granted if, taking the plaintiff's allegations as true, he could prove no set of facts in support of his claim that would entitle him to relief." *Id*.

In an action proceeding under § 1915, courts may "evaluate the merit of the claim sua sponte." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* So long as the plaintiff "has already pleaded his best case," *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (quotation omitted), and his "insufficient factual allegations [cannot] be remedied by more specific pleading," *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), the Court may dismiss the case sua sponte.

B.    Analysis

1.    *Heck v. Humphrey* bars Bradley's claims for illegal search and illegal arrest.

Having conducted the required screening, the Court finds that Bradley's illegal-search and illegal-arrest claims against all Defendants are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and are thus both frivolous and fail to state a claim upon which relief may be granted. *See Jones v. McMillin*, No. 3:12-cv-00865-CWR-FKB, 2013 WL 1633336, at *2 (S.D. Miss. Apr. 16, 2013) (dismissing *Heck*-barred claims "as legally frivolous and for failure to state a claim").

"In *Heck*, the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983." *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (citing *Heck*, 512 U.S. at 486-87). "*Heck* requires the district court to consider whether a judgment in favor of the

4

plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (quotation omitted). "This requirement or limitation has become known as the favorable termination rule." *Id.* (quotation omitted).

*Heck* applies with equal force to "claims that challenge revocation proceedings," *Adongo v. Tex.*, 124 F. App'x 230, 232 (5th Cir. 2005), including illegal-search and illegal-arrest claims, *see Cougle v. Cnty. of Desoto*, 303 F. App'x 164, 165 (5th Cir. 2008) (applying *Heck* bar to allegations of unlawful search and arrest where probation revocation "was based, at least in part, on the same search and arrest"); *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (applying *Heck* bar to illegal-arrest claim where the plaintiff's "probation was revoked because of the charges arising out of th[at] arrest").

Bradley asks this Court to conclude that his probation was revoked after an illegal search and arrest. Compl. [1]; Resp. [9]; Resp. [12]; Mot. [18]. If the Court were to find in Bradley's favor, though, it would necessarily imply the invalidity of his probation revocation and his current term of imprisonment. Bradley pled guilty to the charges emanating from the search and arrest, and he admits that his probation revocation and the resulting sentence do not satisfy *Heck*'s favorable termination rule. Resp. [9] at 1. That is, Bradley's probation revocation and the resulting sentence have not "been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination,

or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 487. In short, his illegal-search and illegal-arrest claims are barred by *Heck*. *See Thompson v. Roussell*, No. 2:17-cv-00101-KS-MTP, 2018 WL 9786079, at *5 (S.D. Miss. June 11, 2018), *report and recommendation adopted by* 2018 WL 9786076, at *1 (S.D. Miss. Sept. 14, 2018).

Thus, Bradley cannot maintain his illegal-search and illegal-arrest claims against any Defendant under § 1983, and these claims must be dismissed with prejudice as frivolous and for failure to state a claim until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (directing that *Heck*-barred claims should be "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

2. <u>Municipal liability bars Bradley's remaining claims against the City of Ocean Springs.</u>

To the extent that Bradley pleads additional claims against the City of Ocean Springs, including his Eighth and Fourteenth Amendment claims, Resp. [12] at 1-2, he has failed to allege sufficient facts to support the imposition of municipal liability under § 1983. "Section 1983 claims may be brought against government employees 'in their individual or official capacity, or against a governmental entity.'" *Ducksworth v. Rook*, No. 2:14-cv-00146-KS-MTP, 2015 WL 737574, at *2 (S.D. Miss. Feb. 20, 2015) (quoting *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009)). "Municipal liability under Section 1983 requires that a plaintiff prove three elements: 'a policymaker; an official policy; and a violation of constitutional rights

whose "moving force" is the policy or custom.'" *Id.* (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). A "policy or custom" can be either:

> (1) a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or (2) a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.

*Felter v. Brown*, No. 5:11-cv-00046-DCB-MTP, 2014 WL 51335, at *2 (S.D. Miss. Jan. 7, 2014) (citing *McGregory v. City of Jackson*, 335 F. App'x 446, 448-49 (5th Cir. 2009)). "To proceed beyond the pleading stage, a complaint's description of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts." *Pena v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (quotation and alterations omitted).

Bradley has failed to allege sufficient facts to state a plausible claim for municipal liability against the City of Ocean Springs. When asked to identify "which policies, practices, or customs . . . establish that the City of Ocean Springs violated [his] constitutional rights," Order [11] at 1-2, Bradley averred that his Fourth, Sixth, Eighth, and Fourteenth Amendment rights were violated because the officers "had no reason to search or arrest [him]," Resp. [12] at 1-2. He claims that the City of Ocean Springs violated his right to "due process by not going through the proper arresting procedures," and he claims that an arrest unsupported by "probable cause" constitutes "cruel and unusual punishment." *Id*. At no point does Bradley allege that the City of Ocean Springs has an official policy or well-settled

custom of encouraging illegal searches and arrests.  And by claiming that officers violated "the proper arresting procedures," *id*. at 1, Bradley implicitly admits that no contrary policy or custom exists.  His allegations merely represent what he says happened to him in one instance.

Bradley has "alleged no specific policy statement, ordinance, regulation, or decision that was the moving force" behind the alleged constitutional violations.  *See Ducksworth*, 2015 WL 737574, at *2.  His pleadings thus fail "to include sufficient facts to allow the Court to infer a persistent, widespread practice so common and well-settled as to constitute a custom that fairly represents a municipal policy."  *See id*. (quotations and alterations omitted); *see also Handshaw v. Biloxi Police Dep't*, No. 1:19-cv-00821-HSO-JCG, 2020 WL 592338, at *2 (S.D. Miss. Feb. 6, 2020) (dismissing claims against the City of Biloxi for the same reason); *Cobb v. Adams Cnty.*, No. 5:07-cv-00198-MTP, 2009 WL 799461, at *3 (S.D. Miss. Mar. 24, 2009) (dismissing claims against Adams County for the same reason).  As such, Bradley's claims against the City of Ocean Springs must be dismissed with prejudice as frivolous and for failure to state a claim.  *See Handshaw*, 2020 WL 592338, at *2.

3.    Prosecutorial immunity bars Bradley's remaining claims against Farrigut.

To the extent that Bradley pleads additional claims against Farrigut, including claims about irregularities in his sentencing proceedings, Mot. [18] at 1, he cannot overcome Farrigut's right to absolute prosecutorial immunity.  "Criminal prosecutors . . . enjoy absolute immunity from claims for damages asserted under §

1983 for actions taken in the presentation of the state's case." *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994). "Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process." *Id.* "Under these principles, prosecutorial immunity extends to conduct that is intimately associated with the judicial phase of the criminal process," *Hoog-Watson v. Guadalupe Cnty.*, 591 F.3d 431, 438 (5th Cir. 2009) (quotation omitted), including indictment, trial, conviction, and sentencing, *Newberry v. Champion*, No. 3:16-cv-00143-DMB-RP, 2018 WL 1189398, at *2 (N.D. Miss. Mar. 7, 2018). "Absolute immunity shields prosecutors even when they act maliciously, wantonly, or negligently." *Ramsey v. Smith*, No. 1:19-cv-00054-HSO-RHW, 2020 WL 4053728, at *3 (S.D. Miss. July 20, 2020). And this immunity extends to county prosecutors like Farrigut. *Patton v. Bryant*, No. 3:13-cv-000485-DPJ-FKB, 2014 WL 36618, at *3 (S.D. Miss. Jan. 6, 2014).

Bradley claims that Farrigut failed to sign his sentencing "paperwork" and failed to have Bradley "in the courtroom during [the sentencing] procedure." Mot. [18] at 1. The record includes Bradley's "Order Reducing Charge, Guilty Plea and Sentencing" that was issued by the County Court of Jackson County, Mississippi, on April 9, 2024. Mot. [18-1] at 1. On the line designated for the prosecuting attorney's signature, the order reads, "agreed by phone." *Id.* It is otherwise duly signed by a Jackson County Court Judge, Bradley's attorney, and a law-enforcement representative. *Id.* Bradley does not allege any actions taken by Farrigut that were taken outside the course and scope of prosecuting the underlying

criminal case.  Farrigut is immune for "all actions which occur in the course of [his]

role as an advocate for the State," *Cousin v. Small*, 325 F.3d 627, 632 (5th Cir.

2003) (quotation omitted), including "actions apart from the courtroom," *Imbler v.

Pachtman*, 424 U.S. 409, 431 n.33 (1976).  Bradley's claims against Farrigut are

therefore frivolous and must be dismissed with prejudice. *See Krueger v. Reimer*, 66

F.3d 75, 77 (5th Cir. 1995).

## III. <u>CONCLUSION</u>

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Jason

Bruce Bradley's illegal-search and illegal-arrest claims against Defendants Jim

Cazzell; the City of Ocean Springs, Mississippi; Officer Daniel Juan Halo; Unknown

S.M.E.T. Team Officer; Unknown Officer; Unknown Officer; and Prosecuting

Attorney Lee Farrigut are **DISMISSED WITH PREJUDICE** as frivolous and for

failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) until the *Heck*

conditions are met.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff's

remaining claims against the City of Ocean Springs are **DISMISSED WITH**

**PREJUDICE** as frivolous and for failure to state a claim under § 1915(e)(2)(B)(i)-

(ii) for failure to establish municipal liability under 42 U.S.C. § 1983.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff's

remaining claims against Prosecuting Attorney Lee Farrigut are **DISMISSED**

**WITH PREJUDICE** as frivolous under § 1915(e)(2)(B)(i) pursuant to absolute

prosecutorial immunity.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this dismissal counts as a "strike" under 28 U.S.C. § 1915(g).  Plaintiff is advised that, if he receives three strikes, "he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury." *Adongo*, 124 F. App'x at 232 (citing 28 U.S.C. § 1915(g)).  A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff's Motion [20] to Drop Defendant is **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED**, this 19th day of November, 2024.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE